**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO MERINO,<br><br>    Plaintiff,<br><br>    v.<br><br>VIVIAN VUONG,<br><br>    Defendant. | No.  2:21-CV-0826-KJM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motions, ECF Nos. 11 and 12, for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because "Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits." Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff has made two (2) motions for appointment of counsel. See ECF Nos. 11 and 12. Plaintiff moves for appointment of counsel because he does not have any primary or secondary education, is blind in the left eye, has glaucoma in the right eye, and his primary language is Spanish. See ECF Nos. 11 and 12.

However, despite the disabilities mentioned above, Plaintiff writes in full English sentences with logical organization. See ECF Nos. 1-20. Plaintiff also provides some Eighth Amendment analysis in his first amended complaint. See ECF No. 18. Plaintiff clearly demonstrates sufficient writing ability and legal knowledge to articulate his claim. Plaintiff's alleged facts and the legal issues involved are not of substantial complexity—Plaintiff alleges he was not treated for a medical condition in violation of the Eighth Amendment. The Court cannot say that Plaintiff has established a particular likelihood of success on the merits at the present stage of this case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests for the appointment of counsel, ECF Nos. 11 and 12, are denied.

Dated: October 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE