IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>              Plaintiff,<br><br>      v.<br><br>VIVIAN VUONG,<br><br>              Defendant. | No.  2:21-CV-0826-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's third amended complaint, ECF No. 29.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names Dr. V. Vuong as the only defendant.  See ECF No. 29, pg. 1-2.  Plaintiff alleges the following:

> On: October, 23, 2020 I was taking to UC Davis outside the prison hospital for an urgent medical intervention to my left eye, which suffered a severe cut due to a violent hit caused by my then roommate, E. Cargo.  So, Doctor, V. Vuong, performed a surgery to my left eye that, at the end, lefted me totally blind and with an deformed left eye suffering severe pain that until this day I still have.  Along with the blindness and deformity.  But, on my way to the hospital, and right <u>before</u> <u>the</u> <u>surgery</u>, that Doctor, V. Vuong, performed, <u>I</u> <u>still</u> <u>could</u> <u>see</u> <u>people</u> <u>and</u> <u>things</u> <u>around</u> <u>me</u>.  So I blame Doctor, V. Vuong, for:  malpractice of surgery to my left eye.  My eye <u>wasn't</u> that bad like that before the surgery that Doctor V. Vuong, performed.  I still could see, people and things around, in my way to the hospital and at the hospital, with my left eye.  That was a malpractice of surgery, medical negligence, non-professional duties . . . and, violation to the law that protects my health and well being.  (<u>Eight</u> <u>Amendment</u>).  Now, a year and a month later after that surgery I am living with pain in that left eye which doesn't go away, emotional distress, trauma, among some other horrible feelings.  And I will <u>need</u> <u>more</u> surgeries and medical treatment often, to keep that place, where the eye was, away from infections.

Id. (errors and emphasis in original).

## II.  DISCUSSION

Plaintiff medical malpractice claim against Defendant Vuong is not cognizable under § 1983.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

2

of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

1   1989). The complete denial of medical attention may constitute deliberate indifference. See
2   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical
3   treatment, or interference with medical treatment, may also constitute deliberate indifference. See
4   Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate
5   that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

6   Negligence in diagnosing or treating a medical condition does not, however, give
7   rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. In fact, "Neither
8   negligence nor gross negligence will constitute deliberate indifference." See Johnson v. Vo, 2009
9   WL 840398, at *2 (E.D. Cal. March 30, 2009) (citing Clement v. California Dep't of Corrections,
10  220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th
11  Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support
12  a claim under § 1983)). Moreover, a difference of opinion between the prisoner and medical
13  providers concerning the appropriate course of treatment does not give rise to an Eighth
14  Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

15  Plaintiff's only claim against the sole defendant is for medical malpractice which
16  does not give rise to an Eighth Amendment violation. Therefore, Plaintiff's action should be
17  dismissed for failure to state a claim.
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

## III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's third amended complaint be dismissed for failure to state a claim;

2. This action be dismissed in its entirety; and

3. All pending motions, ECF Nos. 25, 26, and 28, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 13, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE