1
2
3
4
5
6
7
8    **IN THE UNITED STATES DISTRICT COURT**
9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   FRANCISCO MERINO,                          No.  2:21-CV-0826-KJM-DMC-P
12             Plaintiff,
13        v.                                    ORDER
14   VIVIAN VUONG,
15             Defendant.
16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18   U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel,

19   ECF No. 54.

20            The United States Supreme Court has ruled that district courts lack authority to

21   require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22   Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24   F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26   on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27   complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28   dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

1    Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

2    of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

7          In the present case, the Court does not at this time find the required exceptional

8    circumstances.  A review of Plaintiff's filings in this case reflects that he has a sufficient ability to

9    articulate himself on his own, with some assistance from other inmates.  Further, as discussed in

10    the Court's December 14, 2021, findings and recommendations, there is no likelihood of success

11    on the merits because Plaintiff's allegations fail to state a claim upon which relief can be granted.

12          Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the

13    appointment of counsel, ECF No. 54, is denied.

15    Dated:  October 18, 2022

                                      _____
                                      DENNIS M. COTA
                                      UNITED STATES MAGISTRATE JUDGE